UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**U.S. ALLIANCE GROUP, INC.**
**PAYMENT SOLUTIONS INTERNATIONAL, LLC.**
**AIDEN FLORIDA BANCSHARES, INC.**
**AIDEN FINTECH GROUP, INC,**

**Plaintiff,**

CASE NO.: _________

**v.**

**FIRST NATIONAL BANK OF PASCO; FLORIDA BANCSHARES, INC.**
**FNBPASCO HOLDINGS, LLC.**
**A. P. GIBBS, individually and as Chairman of FLORIDA BANCSHARES, INC.**
**JOHN ZAZZERA, as President and CEO of FLORIDA BANCSHARES, INC.**
**JOHN HENSON, Director of FLORIDA BANCSHARES, INC.**
**MARLENE MANN, as Director of FLORIDA BANCSHARES, INC.**
**FLORIDA BANCSHARES, INC.**
**STEVEN CARLE, as Director of FLORIDA BANCSHARES, INC.**
**ERNEST PEEPLES, as Director of FLORIDA BANCSHARES, INC.**
**PAULA S. O'NEIL as Director of FLORIDA BANCSHARES, INC.**
**MANNY LONG, as Treasurer of FLORIDA BANCSHARES, INC.**
**LARKA FREYA as Secretary of FLORIDA BANCSHARES, INC.**

**Defendants.**
___________________________________/

**DEFENDANTS' NOTICE OF REMOVAL**

COMES NOW the Defendants, FIRST NATIONAL BANK OF PASCO ("FNB Pasco"); FLORIDA BANCSHARES, INC. ("Bancshares"); FNBPASCO HOLDINGS, LLC ("FNB Holdings") (collectively, FNB Pasco, Bancshares, and FNB Holdings are referred to as the "Bank Defendants"); A.P. GIBBS, individually, and as Chairman of Bancshares ("Gibbs"); JOHN ZAZZERA as President and CEO of Bancshares ("Zazzera"); JOHN HENSON as Director of Bancshares ("Henson"); MARLENE MANN, as Director of Bancshares ("Mann"); PAUL MIDILI, as Vice Chairman of Bancshares ("Midili"); STEVEN CARLE, as Director of Bancshares ("Carle"); ERNEST PEEPLES, as Director of Bancshares ("Peeples"); PAULA S. O'NEIL, as Director of Bancshares ("O'Neil"); MANNY LONG, as Treasurer of Bancshares ("Long"); and LARKA FREYA, as Secretary of Bancshares ("Freya", and, collectively with Gibbs, Zazzera, Henson, Mann, Midili, Carle, Peeples, O'Neil, and Long, are collectively referred to the "Officers and Directors", and together with Bank Defendants, are collectively referred as the "Defendants"), all by and through their undersigned counsel, and hereby file notice of Notice of

Removal pursuant to 28 U.S.C. § 1446 of the "State Court Action" filed by Plaintiffs U.S. ALLIANCE GROUP, INC ("USAG"), PAYMENT SOLUTIONS INTERNATIONAL, LLC d/b/a PaySol ("PaySol"), AIDEN FLORIDA BANCSHARES, INC. ("Aiden Florida"), and AIDEN FINTECH GROUP, INC. ("Aiden Fintech") (collectively, USAG, PaySol, Aden Fintech and Aiden Florida are referred to as the "Plaintiffs"). In support of the Notice of Removal, all the Defendants say as follows:

## I. BACKGROUND

On or about May 12, 2025, the "collective" Plaintiffs filed Verified Complaint for Damages, Declaratory Relief, and Injunctive Relief (the "Complaint") in the Circuit Court, in and for Pasco County Florida, Sixth Judicial Circuit, Florida, Case No. 25-CA-001443 (the "State Court Action"). Copies of all filings in the State Court Action are attached hereto as **Exhibit No. 1**

The Complaint filed in the State Court Action is basically "two" different lawsuits by unrelated plaintiffs concerning unrelated actions that are mis-joined in "one" lawsuit in pretextual effort to avoid diversity jurisdiction and removal. In other words, and contrary to Fed. R. Civ. P.

20(a), the two different lawsuits by different plaintiffs do not arise from the same transaction or occurrence, series of transactions or occurrences, and have no logical relationship or common operative facts.

Specifically, Counts I, II, III, IV V, VII, VIII, IX, XIV, XV, XVI) are actions by USAG and PaySol against the Bank Defendants relating to the propriety of FNB Pasco processing Automated Clearing House (ACH) payments for Cannabis sales pursuant to ACH Origination Agreement (Complaint, Ex. A) and Third-Party Sender ACH Agreement (Complaint, Ex. I) entered between FNB Pasco and USAG/PaySol. The Cannabis sales are part of USAG/PaySol's active solicitation of Cannabis merchants amidst significant and heavily regulated federal oversight as a matter of Bank Secrcy Act and Anti Money Laundering codified at 12 U.S.C 1829b, 12 U.S.C. 1951-1960, 31 U.S.C. 5311-5314, 31 U.S.C. 5316-5336 ("BSA/AML") (collectively the "ACH Cannabis Lawsuit) .

The BSA/AML is referenced throughout the agreements that comprise the ACH Cannabis Lawsuit, along with significant legal constraints thereof, and throughout the Complaint, with allegations referencing the absolute need for federal regulatory compliance as matter of federal statute and U.S. Attorney General memorandum (*a/k/a* the Cole Memorandum), ongoing

monitoring, risk assessment, and control implementation. This includes extensive federal regulation and supervision of FNB Pasco by the Office of Comptroller of Currency ("OCC"), and rather significantly, "pending" audit and examination of FNB Pasco by the OCC because of suspect Cannabis transactions by USAG/PaySol (Complaint, ¶¶37, 42, 53, 54, 55, 73, 74).

Based thereon, FNB Pasco maintains, implements and follows extensive policies, procedures, and programs, all to ensure maximum federal regulatory compliance with BSA/AML, particularly applicable, during the "current" OCC examination, some which are attached hereto as **Exhibit Nos. 2-15.**

For citizenship purposes of the ACH Cannabis Lawsuit, USAG is citizen of California with principal place of business in California (Complaint, ¶2). PaySol is citizen of Delaware with principal place of business in California (Complaint, ¶3). All Defendants are citizens of Florida. Thus, there is diversity of citizenship for the ACH Cannabis lawsuit.

In contrast, Counts VI[1], X, XI, XII, XIII, XVII, XVIII, are shareholder disputes by Aiden Fintech and Aiden Florida (collectively "Aidens") as

---

[1] Though the titled Count (breach of shareholder agreement) references this action as being pursued by Plaintiff USAG/PaySol, the allegations actually reflect that the count

minority shareholder of the Bank Defendants and against the Bank Defendants and the Officers/Directors that have "nothing to do with" the propriety of the ACH transfers that comprise the ACH Cannabis Lawsuit and federal overlay of the BMA/AML as enforced by the OCC (the "Minority Shareholder Lawsuit). By any stretch, the Minority Shareholder Lawsuit does not arise from the same transaction or occurrence as the ACH Cannabis Lawsuit and has no logical relationship. The Aidens, particularly Aden Florida, are "not" real parties of interest in the ACH Cannabis Lawsuit pursuant to Fed. R. Civ. 17 and have "no business" being joined as plaintiffs in the ACH Cannabis Lawsuit pursuant to Fed. R. Civ. P 20(a).

For citizenship purposes of the Minority Shareholder Lawsuit, Aiden Fintech is a Delaware corporation with principal place of business in California. (Complaint, ¶5). Aiden Florida, on the other hand, is a Florida corporation and Florida citizen like all the Defendants.

Aiden Florida's joinder in the Minority Shareholder Lawsuit, which has "nothing to do with" the ACH Cannabis Lawsuit is procedurally

---

is only being pursued by Aiden Fintech against Bancshares for breach of shareholder agreement as between Bancshares and Aiden Fintech, who is the only party seeking damages for the breach of the shareholder agreement as between Aiden Fintech and Bancshares (Complaint, ¶ 118). USAG/PaySol are "not" parties to this agreement. This is either pleadings mistake or egregious misjoinder to defeat diversity jurisdiction.

improper, fraudulent, and for no reason but to prevent diversity of jurisdiction and removal of the ACH Cannabis Lawsuit and federal questions inherent therewith as part of BMA/AML, as OCC examines the Bank Defendants based on suspicious business practices as part of Cannabis sales of USAG/Paysol.

Based thereon, and as more particularly set forth below, the Defendants have removed the State Action to federal court for the district comprising the county in which the State Action was filed.

## II. GROUNDS FOR REMOVAL

A. Diversity of Citizenship

This action is subject to removal in accordance with 28 U.S.C. § 1332(a). The amount in controversy is within the jurisdiction of the Court based on alleged damages and there is diversity of citizenship with the exclusion of Aiden Florida, who was fraudulently mis-joined as party plaintiff in the unrelated Minority Shareholder Lawsuit to defeat diversity. With the dropping of Adien Florida, there is complete diversity of citizenship within the ACH Cannabis Lawsuit. Aiden Florida has "nothing to do with" the ACH Cannabis Lawsuit and the application of BSA/AML

to the ACH agreements at issue and current action the OCC, who FNB Pasco is assisting under color of federal law.

Indeed, by so including Aiden Florida, the plaintiffs used "the most common device" to destroy diversity of citizenship jurisdiction and the possibility of removal by ensuring citizenship on both sides of the litigation. Wright & Miller, *Devices to Defeat Diversity Jurisdiction -Joinder of Non-Diverse Partes*, §3641.1. This practice is generally termed fraudulent or procedural misjoinder and first recognized the Eleventh Circuit in Tapscott v. MS Dealer Service Corp., 77 F.3d 1353 (11th Cir. 1996). In Tapscott, plaintiffs filed two different types of class action claims against two sets of defendants with no real connection between the claims (Ruiz v. Ringling College of Art and Design, Inc., 656 F.Supp.3d 1340 (2023). The court held that the misjoinder was so egregious as to constitute fraudulent joinder, thus allowing the case to be removed based on diversity jurisdiction. Fraudulent joinder also applies to plaintiffs that are improperly joined to defeat diversity. See e.g. In re Trasylol Products Liability Litigation, 754 F.Supp.2d 1331 (S.D. Fla 2010); Beasley Forest Products, Inc. v. Northern Clearing, Inc., 515 F.Supp.3d 1367 (S.D. Ga.2021); Brown v.

Endo Pharmaceuticals, Inc., 38 F.Supp.3d 1312 (S.D. Ala. 2014).

The end result of such misjoinder is that the court disregards the presence of any non-diverse defendant that has been fraudulently joined and allows removal based on diversity. See Henderson v. Washington Nat'l Ins. Co., 454 F.3d 1278, 1281 (11th Cir. 2006). Fraudulent misjoinder is a variety of fraudulent joinder that is recognized by Florida District Courts to defeat diversity. See Noyes v. Universal Underwriters Ins. Co., 3 F. Supp. 3d 1356, 1360 (M.D. Fla. 2014); Bollea v. Clem, 937 F. Supp. 2d 1344, 1350 (M.D. Fla. 2013); Barber v. America's Wholesale Lender, 289 F.R.D. 364, 367-68 (M.D. Fla. 2013); see also Stone v. Zimmer, Inc., No. 09-80252, 2009 WL 1809990, at *4 (S.D. Fla. June 25, 2009 ; Kalie v. Bank of Am. Corp., 297 F.R.D. 552, 557 (S.D.N.Y. 2013); Penzinger v. *State Farm Fire & Cas. Co.*, 347 F. Supp. 2d 1101, 1105 (M.D. Ala. 2003).

Egregiously preventing diversity is exactly what plaintiffs are trying to do in the present case. The Minority Shareholder Action by Aidens, particularly including Aiden Florida, has "nothing to do with" the ACH Cannabis Lawsuit, seems to be included an aside, concerns different facts and parties, ACH agreements, does not concern federal questions unique

to BSA/AML, and "nothing to do with" current actions of OCC concerning suspicious business practices related to Cannabis sales. Without dispute, these two different lawsuits do not arise from the same transaction or occurrence and concern "different agreements" by "different parties" who are egregiously included for no reason but to defeat diversity despite rules prohibiting joinder in Fed. R. Civ. P. 20 (a). Based thereon, the purported citizenship of Aiden Florida should be disregarded and removal allowed based on diversity jurisdiction.

B. Federal Question

The action is subject to removal pursuant to 28 U.S.C. § 1331 because the present suit is an action over which this Court has original jurisdiction and may be removed to this Court by the Defendants pursuant to the provisions of 28 U.S.C. § 1446(b) as it is a civil action founded on a claim or right arising under the laws of the United States and/or presents federal questions. In the Complaint, Plaintiff seeks damages and/or injunctive relief against the Bank Defendants in the ACH Cannabis Lawsuit, particularly FNB Pasco, relating to BSA/AML compliance amidst ongoing OCC examination of FNB Pasco and for which the Bank Defendants must assist the OCC, comply and act under the color, direction, and authority of the

OCC, and its officers, as to all matters relating to subject ACH Transfers as part of its enforcement of BSA/AML. Thus, the face of the Complaint, incorporated agreements attached thereto, and current actions of OCC to which FNBP is subject, raise a myriad of federal questions and law on the face of the complaint under the BSA/AML that necessarily preempt state law and federal defenses. Moreover, the OCC is likely indispensable party to afford any injunctive relief as requested (Count XVII) based on current OCC examination and required account freeze under BSA/AML based on USAG/PaySol business practices related to Cannabis sales. As for any remaining claims based on state law, they may be adjudicated by this Court pursuant to 28 U.S.C. § 1367.

**C. Federal Officer**

This action is subject to removal pursuant to 28 U.S.C. § 1441 (a)(1). FNB Pasco is currently subject to ongoing OCC examination and audit.

As part thereof, all actions of FNB Pasco and ongoing compliance efforts by FNB Pasco, are to assist the OCC and federal officers diligently working thereunder in carrying out OCC duties as part BSA/AML enforcement. At all times, FNB Pasco acts in accordance with Federal laws, subject to the supervision of OCC, on all matters of policy, practice, and

procedure. This includes the alleged freezing of bank accounts for which plaintiffs do not grasp the basis of the freeze under BSA/AML during OCC examination and audit. The Bank Defendants have colorable defenses for all its actions under the BSA /AML, which are integral part of ACH agreements, all Cannabis sales, and ACH processing for USAG/PaySol. Yet, the Bank Defendants are still being sued by USAG/Paysol despite being under the federal color of OCC, who it is assisting in enforcing BSA/AML.

## III. COMPLIANCE WITH PROCEDURALREQUIREMENTS

Pursuant to 28 U.S.C. § 1446(b), this Notice is being filed with this Court within 30 days after the Defendants received a copy of Plaintiff's initial pleading setting forth the claims for relief upon which Plaintiff's action is based.

Pursuant to 28 U.S.C. § 1441(a), venue of the removal action is proper in this Court because it is in the district and division embracing the place where the State Court Action is pending.

Pursuant to 28 U.S.C. 1446(d), promptly after filing this Notice of Removal, the Defendants shall give written notice of the removal to the Plaintiffs and will file a copy of this Notice of Removal with the Clerk of the Circuit Court of the Sixth Judicial Circuit in and for Pasco County, Florida.

Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, orders, served upon Defendants are attached hereto as **Exhibit No. 1.**

Trial has not commenced in the Circuit Court of the Sixth Judicial Circuit in and for Pasco County, Florida.

WHEREFORE, the Defendants respectfully request that the State Court Action be removed to this Federal Court and that this Federal Court assumes full jurisdiction as if it had been originally filed here.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 5th of June 2024, a true and correct copy of the foregoing was filed with the Clerk of the Court via CM/ECF, which will send notice of electronic filing to all counsel of record.

COLE, SCOTT & KISSANE, P.A.
*Counsel for Defendants FIRST NATIONAL BANK OF PASCO, FLORIDA BANCSHARES, INC., FNBPASCO HOLDINGS, LLC and all named officers, directors, and individuals*
500 N. Westshore Boulevard, Suite 700
Tampa, Florida 33609
Telephone 813-560-2810
Facsimile 813-286-2900

Primary e-mail:
daniel.nicholas@csklegal.com
Secondary e-mail:
roxanne.cohen@csklegal.com

By: */s/ Daniel A. Nicholas*
DANIEL A. NICHOLAS
Florida Bar No.: 0847755
**LEAD TRIAL COUNSEL**