UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PAYMENT SOLUTIONS
INTERNATIONAL, LLC, et al.,

  Plaintiffs,

v.

           CASE NO. 8:25-cv-01458-SDM-CPT

FIRST NATIONAL BANK OF PASCO,
et al,

  Defendants,

_____/

## **ORDER**

In this removed (Doc. 1) action, four plaintiffs, one a Florida citizen,

sue (Doc. 88) thirteen defendants, each a Florida citizen, and assert fourteen

claims under Florida law and one claim under federal law: violation of the De-

fend Trade Secrets Act, 18 U.S.C. § 1836(b).[1] A single plaintiff asserts the

DTSA claim against a single defendant, and the claim rests on a single, dis-

crete theory — the misuse of confidential merchant data. By contrast, the

state-law claims together implicate all parties and rest on, among other things,

five written agreements, the fiduciary duties of a bank holding company's

---

[1] The plaintiffs sued in state court, and the defendants removed (Doc. 1) on June 6, 2025. The original complaint (Doc. 1-1) pleaded no federal claim, and the parties lacked complete diversity. No party moved to remand. On September 19, 2025, the plaintiffs amended (Doc. 26) to add the federal claim, which re-appears in the April 3, 2026 second amended complaint.

directors, a disputed acquisition, a contested release, the conversion of deposited funds, and four years of alleged self-dealing, entrenchment, and regulatory non-compliance. Similarly, the DTSA claim requests damages, disgorgement, and an attorney's fee; the state-law claims request all that and more: rescission of several agreements, specific performance of another agreement, an accounting, an inspection, a constructive trust, and additional, unspecified declaratory and injunctive relief — each of which is governed exclusively by state law.

28 U.S.C. § 1367(c) provides:[2]

> The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if—
>
> > (1) the claim raises a novel or complex issue of State law,[3] [or]
> >
> > (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction . . .[4]

---

[2] *See generally* 16 James Wm. Moore et al., *Moore's Federal Practice* §§ 106.60–106.69 (3d ed. 2024); 13D Charles Alan Wright et al., *Federal Practice and Procedure* § 3567.3 (3d ed. 2008 & Supp. 2025).

[3] *See, e.g.*, *Ameritox Ltd. v. Millenium Labs., Inc.*, 803 F.3d 518, 532 (11th Cir. 2015) (finding that the district court erred in retaining jurisdiction when (1) the state-law claims presented novel and complex state-law issues; (2) concerns of judicial economy and comity favored dismissal without prejudice of state-law claims; and despite (3) that convenience weighed in favor of the district court's retention of the state-law claims); *Borges v. City of W. Palm Beach*, 858 F. Supp. 174, 177 (S.D. Fla. 1993) (declining supplemental jurisdiction over a claim premised on unsettled Florida law).

[4] *See United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726–27 (1966) ("[I]f it appears that the state issues substantially predominate, whether in terms of proof, of the scope of the issues raised, or of the comprehensiveness of the remedy sought, the state claims may be dismissed without prejudice and left for resolution to state tribunals."); *see also Utopia Provider Sys. V. Pro-Med Clinical Sys.*, 596 F.3d 1313, 1328–29 (11th Cir. 2010) (finding that the district court did not abuse discretion in declining to exercise supplemental jurisdiction over breach of contract and fiduciary duty claims that would require examining scope of License Agreement applying state law, "which may be an arduous task," and "in-depth analysis" of fiduciary duties owed under state law).

In accord with Section 1367(c) and with relevant Supreme Court and Eleventh Circuit precedent,[5] Counts I–VII and Counts IX–XV (the state-law claims), are **SEVERED** and **REMANDED** to the Circuit Court of the Sixth Judicial Circuit in and for Pasco County, Florida.[6] For reasons stated in the complaint (Doc. 88) and in the plaintiffs' response (Doc. 102) to the motion to dismiss, the motion (Doc. 94) to dismiss is **DENIED** as to the DTSA claim alleged in Count VIII and **DENIED AS MOOT** as to the remanded counts. The prospective intervenors' motions (Docs. 99 and 106) are **DENIED AS MOOT**.

**ORDERED** in Tampa, Florida, on June 29, 2026.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

---

[5] *Palmer v. Hospital Auth. Of Randolph County*, 22 F.3d 1559, 1569 (11th Cir. 1994) (holding that after identifying a factor under Section 1367, a district court may use *Gibbs* factors to further support discretionary decline of supplemental jurisdiction).

[6] 28 U.S.C. § 1441(c)(2) ("Upon removal of an action [including a federal claim and a claim not within the original or supplemental jurisdiction of the district court], the district court shall sever all claims [not within the original or supplemental jurisdiction of the district court] and shall remand the severed claims to the State court from which the action was removed.").